[No. 9135. Department Two. July 14, 1911.]

## M. P. FUHRMAN et al., Respondents, v. INTERIOR WAREHOUSE COMPANY, Appellant.[1]

LANDLORD AND TENANT—CROPPING ON SHARES—TENANCY IN COMMON. A tenancy in common in a crop is created by a lease of land to be cropped under a contract for a specific division of the crop.

TENANCY IN COMMON—ACTIONS—PARTIES—JOINDER. Tenants in common in a prospective crop have a joint right of action for damages through fraud in the sale of seed to one of the tenants.

DAMAGES—MEASURE OF DAMAGES—FRAUD — LOSS OF CROP. The measure of damages for the loss of a prospective crop through fraud in the sale of seed is the market value of such crop as plaintiff would have raised if the seed had been as represented, less the cost of producing or harvesting not incurred, and less the value, if any, of such crop as was raised from the seed sold; but where the plaintiff had not paid for the seed, the sum due therefor should also be deducted.

Appeal from a judgment of the superior court for Klickitat county, McMaster, J., entered April 5, 1910, upon the verdict of a jury rendered in favor of the plaintiffs for $630, in an action for damages. Reversed, unless $87.84 is remitted.

[1]Reported in 116 Pac. 666.

F. D. Chamberlain and E. C. Ward, for appellant.

W. B. Presby, for respondents.

CROW, J.—Action for damages by M. P. Fuhrman and
Frank L. Huston against the Interior Warehouse Company,
a corporation. The complaint, in substance, alleges, that
the plaintiff Frank L. Huston, being the owner of tillable
land in Klickitat county, granted its possession to his co-
plaintiff, M. P. Fuhrman, under a lease, by the terms of
which Fuhrman agreed to pay Huston a rental of one-third
of any and all crops grown thereon during the year 1909;
that Fuhrman, with the intention of growing a crop of wheat
hay, thoroughly plowed, cultivated, and prepared the land,
and applied to defendant, Interior Warehouse Company, to
purchase blue-stem wheat with which to seed the land; that he
notified the defendant he wanted blue-stem wheat for seed;
that defendant, so knowing his wants, needs, and purposes,
sold him a variety of winter wheat known as "forty-fold,"
which Fuhrman used in seeding, believing it to be blue-
stem; that Fuhrman seeded the land in March and April,
1909; that forty-fold wheat is not adapted to, but is worth-
less for, spring sowing; that it will sprout, but will not ma-
ture or produce a crop; and that the plaintiffs, without fault
on their part, lost their entire crop, to their damage in the
sum of $1,050. To this complaint, a demurrer was over-
ruled, and the defendant answered. On trial the jury, in
compliance with instructions of the trial court, divided the
damages in the proportion of two-thirds and one-third, and
returned a verdict in favor of Fuhrman for $420, and in
favor of Huston for $210. The defendant has appealed
from the final judgment entered thereon.

The demurrer was special and general, its grounds being,
(1) a defect of parties plaintiff; (2) improper joinder of
several causes of action; and (3) insufficient facts pleaded to
state a cause of action. Appellant first assigns error on the
order overruling the demurrer, and in substance contends

that, as respondent Huston was the landlord of respondent Fuhrman, the alleged sale of wheat, if made to either, was made to the latter only; that no privity of contract exists between Huston and appellant; that Huston has no separate cause of action against appellant; that he and Fuhrman have no joint or common cause of action against appellant; and that they are improperly joined as parties plaintiff. The allegations of the complaint show Fuhrman was tilling the land upon an agreement to yield to Huston a specified portion of the crop raised. This made the respondents tenants in common in the crop. The weight of authority is that every contract, whereby use of land is given to a party to cultivate and return to the owner a specified portion of the crop produced, creates a tenancy in common in the crop, and that this is true whether the agreement between the parties is a lease or a mere cropping contract. The tendency of the courts is to hold that, whenever there is a provision in any form of contract for a specific division of crops produced, a tenancy in common arises therein. Freeman, Cotenancy and Partition (2d ed.), § 100; *Foote v. Colvin*, 3 Johns. 216, 3 Am. Dec. 478; *Putnam v. Wise*, 1 Hill 234, 37 Am. Dec. 309; *Aiken v. Smith*, 21 Vt. 172; *Smyth v. Tankersley*, 20 Ala. 212, 56 Am. Dec. 193; *Dinehart v. Wilson*, 15 Barb. 595; *Abernethy v. Uhlman*, 52 Ore. 359, 93 Pac. 936, 97 Pac. 540.

In *Smyth v. Tankersley, supra*, the court said:

"In the case of *Thompson v. Mawhinney, supra*, it was decided by this court that a contract made with the owner of land, which the other party agreed to cultivate and to divide the products equally with him, was not, technically speaking, a lease, but that a tenancy in common was created in the products. In the contract under consideration, the mode of compensation adopted repels the conclusion that it could have been the intention of the parties that the land should not be cultivated, and thus assimilates its terms more closely to the contract in the case last cited. It is true, the phraseology adopted is that which is usual in leases, but the substance of the agreement is to be regarded, rather than the words:

*Putnam v. Wise, supra;* and in contracts of this description, the true test seems to be, that wherever provision is made for dividing the specific products of the land, a tenancy in common results: *Putnam v. Wise, supra,* and authorities there cited."

Although the appellant sold the seed wheat to Fuhrman only, the sale was for the benefit of Huston as well. He was interested in the prospective crop. A sale of seed wheat unfit for use damaged him as directly and positively as it did Fuhrman. It caused him to lose the one-third which he was to receive for the use of his land, as completely as it caused Fuhrman to lose his two-thirds. In *Foote v. Colvin, supra,* it was held that the owner of land, and his lessee cultivating it on shares, have joint property in the crops and may jointly maintain an action against a third person who wrongfully cuts and removes them. If Huston and Fuhrman were both injured as the direct result of appellant's act in selling the latter seed wheat unfit for use, they, as tenants in common in the crop, have a joint cause of action against appellant for their damages sustained. The demurrer was properly overruled.

Appellant contends its motion for a nonsuit should have been granted. We have carefully examined the evidence and find that, although conflicting, it was sufficient to sustain the verdict of the jury on the issues of fact submitted, and that the nonsuit was properly denied.

The evidence introduced was sufficient to show that, for the joint benefit of Huston and himself, the respondent Fuhrman properly plowed, cultivated, and prepared the land for seeding; that he purchased the wheat, which he understood and appellant represented to be blue-stem, suitable for spring sowing; that Fuhrman used it to seed the land; that the crop did not mature sufficiently to justify the expense of harvesting; that it was not harvested for that reason, and that it was a total loss. It also appeared that the respondent Fuhrman had not paid appellant for the seed wheat purchased and used

by him.   On the measure of damages the trial court in-
structed the jury as follows:

"If you find from the evidence and a preponderance thereof,
that plaintiff is entitled to recover from defendant, you will
allow him such sum not exceeding $1,050 as is equal to the
market value of such crop as plaintiff would have raised upon
his land if the wheat had been as represented by the defendant,
less the cost of harvesting such crop and less the value, if any,
of such crop as was raised that season upon the land planted
with the seed alleged to have been sold to plaintiff by defend-
ant."

Appellant contends this instruction was erroneous in that
it stated an improper measure of damages.   In *Shotwell v.
Dodge*, 8 Wash. 337, 36 Pac. 254, this court held the proper
measure of damages for a lost crop to be its market value less
the cost of producing, harvesting and marketing the same.
Here the respondent Fuhrman had incurred and paid all ex-
pense of cultivating, seeding, and producing a crop, aside
from the cost of the seed wheat used, but he incurred no ex-
pense of harvesting.   Expense or cost of producing the crop
actually incurred by respondent Fuhrman should not be de-
ducted from its market value, but such expense of producing
and harvesting as he had not incurred should be deducted.
The value of a probable crop upon the land was shown, and
no expense of marketing should be deducted.   The instruction
was erroneous in that it failed to instruct the jury to deduct
the cost of the seed wheat used which respondent Fuhrman
had purchased from appellant and for which he had not made
payment.   Appellant claimed the seed wheat was not sold to
Fuhrman, but to his mother.   The jury, however, found the
sale was made to the respondent, and the evidence sustains
this finding.   Appellant, in a communication made to Mrs.
Fuhrman, claimed sales of the wheat in dispute were made for
a total price of $87.84, the highest value mentioned in the evi-
dence.   It is apparent that the only possible prejudicial ef-
fect of the instruction given and above quoted was to increase
the damages to that extent.

Other objections are predicated upon rulings of the court on the evidence, and on instructions given or refused. We, however, find the record free from prejudicial error, except as above stated, and consider that we have discussed all controlling questions of law or fact arising on this appeal. As the only possible effect of the erroneous instruction above mentioned, prejudicial to the appellant, would be to increase the damages awarded to the extent of $87.84, a new trial should not be granted, except at respondent's election. It is ordered that, if within twenty days after remittitur, the respondents file with the clerk of the superior court notice of their election to remit $87.84 of the damages awarded, the judgment as thus modified be affirmed, and that otherwise a new trial be granted. The appellant will recover its costs in this court.

DUNBAR, C. J., MORRIS, and CHADWICK, JJ., concur.