Ford v. Farmers' Exchange.

### J. A. FORD *v.* FARMERS' EXCHANGE.[*]

### (*Knoxville.*    September Term, 1916.)

**SALES.    Warranty.    Seed.    Damages.**

For the breach of an express warranty that seed is true to name, where the seller knows the use for which it is bought and the buyer plants it in ignorance of its true character, the measuse of recoverable damages is the value of a crop had the seed been as warranted, such as would ordinarily have been produced that year, less the value of the crop actually raised.

Cases cited and approved: Shaw v. Smith, 45 Kan., 334; Butler v. Moore, 68 Ga., 780; Reiger v. Worth, 127 N. C. 230; Vaughan's Seed Store v. Stringfellow, 56 Fla., 708; White v. Miller, 71 N. Y., 118; Hurley v. Buchi, 78 Tenn., 346; Wolcott v. Mount, 38 N. J. Law, 496; Van Wyck v. Allen, 69 N. Y., 61; Fuhrman v. Interior Warehouse Co., 64 Wash., 159; Edgar v. Joseph Breck Corp., 172 Mass., 581.

Case cited and distinguished: Wolcott v. Mount, 36 N. J. Law, 262.

---

### FROM WASHINGTON.

---

Appeal from the Law Court of Johnson City.— DANA HARMON, Judge.

THAD A. COX, HARR & BURROW and BEN H. TAYLOR, for appellant.

VINES & PRICE and DIVINE & GUINN, for appellee.

---

[*]The question of warranty that seed sold is true to name, is discussed in a note in 37 L. R. A. (N. S.), 86.

Upon the question of measure of damages for breach of warranty on sale of seeds, see note in 37 L. R. A. (N. S.), 86.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This suit was begun by Ford to recover damages for the breach of an alleged warranty made by defendant in the sale of watermelon seed.

It appears that plaintiff has for many years been engaged in raising melons for market on a large scale. There was testimony tending to show that defendant had sold plaintiff his melon seed for several years, the seed being known as "Klekley Sweets," and, knowing of the use intended to be made of them, guaranteed that the seed sold on the particular occasion, which were to come from a new and untried producer, were of that variety. The melons produced from such seed were the best for the soil and climate.

Plaintiff made expenditures in renting land, preparing the soil, and planting the seed; but on the crop coming to or nearing maturity it was discovered that the seeds were not as warranted, but of an inferior variety. An examination of the seeds would not disclose whether they were "Klekley Sweets" or not.

The vines produced small melons which were not readily sold on the market. In fact, plaintiff testified that he was able to obtain only about $100 for the crop, selling some of the melons at fifty cents a hundred.

There was also proof tending to show that, had the seed been true to kind, the crop would have been of a considerably greater value.

The defendant tendered $2 and the costs accrued in the case and filed a plea of tender. The tender sum of $2 represented the difference between the market value of the amount of seed delivered to plaintiff by defendant and the same amount of "Klekley Sweets." The defense was that the measure of damages was at most that sum.

The trial judge held with this insistence and gave peremptory instruction to the jury to find for defendant.

The court of civil appeals, on appeal, held that this ruling was erroneous, and remanded the cause to the lower court for trial.

We hold that this was a proper disposition of the case on the part of the appellate court, though we reach the result on a different theory of the law.

There have been developed two rules in respect to damages growing out of the warranting of seed that proved not true to name. The first class of cases, dealing with seed, improperly delivered under the contract, that are of such quality that no crop is produced, announce the restrictive rule that there is no proper basis for the allowance of expected profits as damages. The rule in such case appears to be that the items of damages recoverable are those of actual outlay, such as the price paid for the seed, the expense of preparing the soil to receive the seed (less general benefit to the land therefrom), the expense of planting, and the loss sustained from having the land lie idle for such period of time as

the use of it was lost. *Shaw* v. *Smith,* 45 Kan., 334, 25 Pac., 886, 11 L. R. A., 681; *Butler* v. *Moore,* 68 Ga., 780, 45 Am. Rep., 508; *Reiger* v. *Worth,* 127 N. C., 230, 37 S. E., 217, 52 L. R. A., 362, 80 Am. St. Rep., 798; *Vaughan's Seed Store* v. *Stringfellow,* 56 Fla., 708, 721, 48 South, 410; Sedg. Dam. (9 Ed.), section 191, 768.

The other and more liberal rule is applied in cases where the defective seed germinate and produce a crop that is inferior in quality and value to the one that would have been produced in the same circumstances had the seed been as warranted. In such case, by an almost unbroken line of authorities in England and America, there is held to be a reasonable basis on which to estimate the profit that would have been made had the seed been of contract quality. It is held that this basis is found in the certainly ascertainable value of the crop actually produced, the court having only to estimate the difference in value between that crop and the value of the crop that would ordinarly have been produced under the same circumstances if seed true to name had been supplied by the seller. The loss is held not to be conjectural and the damages not to be speculative or beyond the contemplation of the contracting parties.

In *Wolcott* v. *Mount,* 36 N. J. Law, 262, 13 Am, Rep., 438, this basis for the allowance of expected profits is thus recognized:

"The loss of the value of a crop for which the seed had not been sown, the yield from which, if planted, would depend upon the contingencies of weather and season, would be excluded as incapable of estimation, with that degree of certainty which the law exacts in the proof of damages. But` . . . if a crop has been sowed on the ground prepared for cultivation, and the plaintiff's complaint is that, because of the inferior quality of the seed, a crop of less value is produced, by these circumstances the means would be furnished to enable the jury to make a proper estimation of the injury resulting from the loss of profits of this character. . . . The uncertainty of the quanity of the crop, dependent upon the weather and season, was removed by the yield of the ground under the precise circumstances to which the seed ordered would have been exposed."

See, also, *White* v. *Miller,* 71 N. Y., 118, 27 Am. Rep., 13; *Vaughan Seed Store* v. *Stringfellow,* supra.

In the case of *Hurley* v. *Buchi,* 10 Lea (78 Tenn.,), 346, it appeared that Buchi, a market gardner, applied to Hurley to buy "Early Rose" potatoes, informing the latter that they were desired to plant for the early market; that that variety matured about the middle of June, and was worth on the market $3.50 per bushel. A different kind, actually furnished and planted, did not mature until August. The court disallowed the claim of the plaintiff that he was entitled to recover as damages the increased value of the potatoes he would have raised and sold

if the seed potatoes delivered had been of the "Early Rose" variety; and this, on the ground that the claim was based on the assumption that, if the variety ordered had been delivered, they would have been planted, cultivated, and matured at a given time (in June), and that therefore speculative profits would be involved. The speculative element, we conceive, was that the anticipated crop would have matured on a date that substantially differed from the date when the seed potatoes that were actually furnished would and did mature.

In its particular ruling on the point of speculative damages, the case of *Hurley* v. *Buchi* may, and we think should, be treated as not out of harmony with the widely accepted general rule, but as announcing an exception to it, based on the fact above referred to. The uncertainty in the quanity of the crop, dependent on weather and season, under the facts of that case, was not removed by any aiding reference to the actual yield under precise, or fairly similar circumstances. The weather at or near the date of the maturing of "Early Rose" seed potatoes might have been such as to materially affect the quantity and quality of the production, while not having identical effect upon the later maturing variety.

Broadly stated, the rule is that for the breach of an express warranty that seed is true to name, where the seller knows the use for which the same is bought and the purchaser sows in ignorance of the true

character of the seed, the measure of recoverable damages is the value of a crop had the seed been as warranted, such as would ordinarly have been produced that year, less the value of the crop actually raised. *Wolcott* v. *Mount,* 38 N. J. Law, 496, 20 Am. Rep., 425; *Van Wyck* v. *Allen,* 69 N. Y., 61, 25 Am. Rep., 136; *Fuhrman* v. *Interior Warehouse Co.,* 64 Wash., 159, 116 Pac., 666, 37 L. R. A., (N. S.), 89; *Edgar* v. *Joseph Breck Corp.,* 172 Mass., 581, 52 N. E., 1083; 2 Sedg. Dam. (9 Ed.), 768.

The judgment of the court of civil appeals is modified and affirmed. Remand for a trial of the cause in the circuit court.