## OGDEN v. HIRIGARAY.

No. 4165.   Decided April 1, 1925.   Rehearing denied April 28, 1925.
(235 P. 875.)

1. ANIMALS—DIRECTED VERDICT FOR DEFENDANT PROPERLY DENIED ON EVIDENCE OF TRESPASS. In action for damages to plaintiff's wheat crop by trespass of defendant's sheep, where there was direct testimony that defendant's sheep, without plaintiff's con-

sent, trespassed on plaintiff's land and damaged his crops, court properly refused to direct verdict for defendant.[1]

2. EVIDENCE—TESTIMONY HELD NOT OBJECTIONABLE AS TENDING TO VARY TERMS OF WRITTEN AGREEMENT. In action for damage to plaintiff's wheat crop by defendant's sheep, where it was not shown that any written lease was given by plaintiff for premises in controversy, but plaintiff gave only a written receipt for rent, testimony of plaintiff that in verbal lease, plaintiff reserved premises on which wheat was growing, was not objectionable, as tending to vary terms of a written agreement.

3. APPEAL AND ERROR—FAILURE TO GIVE INSTRUCTION NOT REQUESTED NOR MADE BASIS OF ASSIGNMENT OF ERROR NOT CONSIDERED. Where defendant made no request for a certain instruction, nor assigned any error based on failure to give such instruction, and testimony did not warrant such an instruction, held, that defendant cannot complain on appeal because of court's refusal to give such an instruction.

Appeal from District Court, Second District, Weber County; *Geo. S. Barker,* Judge.

Action by N. O. Ogden against Peter Hirigaray. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*Pratt & Pratt,* of Ogden, for appellant.

*John G. Willis,* of Ogden, for respondent.

GIDEON, C. J.

The plaintiff seeks to recover damages for injury to a growing growing crop of wheat on plaintiff's premises located in Weber county. The alleged trespass was in permitting sheep belonging to and under the control of defendant

---

[1] *Naylor* v. *Floor,* 51 Utah 382, 170 P. 971; *Kendall* v. *Inv. Co.,* 59 Utah 228, 203 P. 653.

See Headnote 1.   3 C. J. p. 148 (1926 Anno).
Headnote 2.   22 C. J. p. 1135.
Headnote 3.   3 C. J. pp. 850, 1338; 4 C. J. p. 543.

to go upon plaintiff's premises and injure or destroy a crop of growing wheat. Plaintiff had judgment. Defendant appeals.

The defendant has assigned as error: (1) The failure of the court to instruct the jury to return a verdict in his favor; (2) that the court erred in its instruction No. 9; (3) that the court erred in overruling appellant's motion for a new trial, for the following reasons; (a) That there was no testimony of any trespass upon the land of plaintiff by sheep belonging to defendant; (b) that the findings of the jury that defendant's sheep injured the crops or other verdure on plaintiff's land are contrary to and not justified by the evidence; (c) that the findings of the jury that the defendant's sheep did trespass upon plaintiff's premises and injure the growing crop is contrary to and not justified by the evidence; and (d) that the findings of the jury that by reason of such trespass and destruction of plaintiff's crop plaintiff had suffered damages in any sum whatever was contrary to and not justified by the evidence; (4) that the court erred in permitting the plaintiff to testify as to what land had been reserved in the lease given by him to the Hansen Livestock Company.

Considering these assignments in the order enumerated: (1) The contention that the court should have granted defendant's motion for a directed verdict is untenable for the reasons hereinafter stated in considering the third assignment of error. (2) The giving of the court's instruction No. 9, which is complained of, was not error. The substance of that instruction has been approved by this court in two former opinions. *Naylor et al.* v. *Floor,* 51 Utah, 382, 170 P. 971, and *Kendall* v. *Samuel McIntyre Inv. Co.,* 59 Utah, 228, 203 P. 653. (3) There was direct testimony that the defendant's sheep did trespass upon the plaintiff's land; that they did injure the crops; that they went there without the consent of plaintiff; and that the crops were damaged in an amount much in excess of the jury's verdict. (4) It does not appear in this record that any written lease was ever given by the plaintiff to the Hansen Livestock Com-

pany for any of the premises in controversy or for any other premises. The only written evidence respecting the right at all is a receipt signed by the plaintiff, which reads:

"Paid in full for three hundred acres of spring pasture, or sheep ground, located about six miles south of Ogden."

The plaintiff was the owner of 360 acres of land in the immediate vicinity of the land upon which it is claimed the trespass was had. The plaintiff was permitted to testify that in the verbal lease made with the Hansen Livestock Company he reserved that part of the premises upon which the wheat was growing. The defendant received permission to go upon the land through an arrangement made with the representative of the Hansen Live stock Company. He was necessarily entitled to use only such part of plaintiff's land as the Hansen Livestock Company could have used under its agreement. The testimony to which objection was made and on which error is based in no way tended to vary the terms of a written agreement.

There is some discussion in defendant's brief of the failure of the court to instruct the jury as to the amount of damages, if any, that had been done to the growing crop by sheep belonging to the Hansen Livestock Company. Even if defendant was entitled to such an instruction, it cannot be considered on this appeal: (1) Because no request was made by defendant for such an instruction; (2) because no assignment of error is made based upon the failure of the court to give such instruction; and (3) there is no testimony in the record warranting such an instruction.

There is no reversible error in the record. Judgment is accordingly affirmed, with costs.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.