HOOPER SULLIVAN and JIM COLE, Plaintiffs in Error, v. J. P. BANDY and W. A. GRAY, Defendants in Error.

Middle Section.    May 28, 1932.

Petition for Certiorari denied by Supreme Court, January 21, 1933.

412

William Green and A. B. Humphreys, Jr., both of Lebanon, for plaintiffs in error.

W. B. Williams, of Lebanon, for defendants in error.

DeWITT, J.  J. P. Bandy was the owner of a farm.  W. A. Gray was a tenant on the farm.  They undertook to plant 12 acres in sorghum, cultivate and grow the crop and divide the profits.  In April, 1929, they purchased of Sullivan & Cole, rural merchants, one bushel of seed for the purpose of planting the 12 acres in sorghum. The seed purchased was planted, the crop was cultivated, but it developed when it matured that it contained a dozen or more varieties of plants other than sorghum, and very little, if any, sorghum.

This action was brought by Bandy and Gray against Sullivan & Cole for damages for breach of warranty and resulted in a verdict against them for $420.  In behalf of said defendants numerous reasons are assigned on this appeal in error why the judgment should be reversed, the motion for directed verdict made by defendants should be sustained and the suit dismissed.

It is undisputed that the plaintiffs intended to plant four acres for forage and eight acres for sorghum to be rendered into sorghum molasses; that diligent cultivation was given; that the normal production from good seed would have resulted in 100 gallons per acre, and that the current market price was $1 per gallon—so that the return from the eight acres would have been $800. It is also undisputed that the cost of production would have been $320, so that the profit from the eight acres would have been $480.  The plaintiffs succeeded in selling forage from what was raised for $60.  The amount of the judgment, $420, evidently represents the net loss of profit.

It is insisted that there is no evidence of a warranty, express or implied; that the rule of caveat emptor governed the transaction.

The seed purchase was made by Gray in two lots of one-half bushel each.  He told Sullivan that he wished to buy orange cane sorghum seed.  He testified that Sullivan showed him the seed and said that it was tested orange cane seed, and the "prettiest seed he had ever seen;" that he said that it was the best he could buy.  He further testified that he asked Sullivan if that was "real good sorghum seed,"

and he said "yes;" that he purchased the seed relying upon these assurances; that he examined the seed and it looked to be as "pretty orange cane seed" as he ever saw; that he had had long experience in raising sorghum; that the seed which he bought was larger than the usual orange cane seed and he thought he was getting a larger and better seed; that he did not buy sorghum seed from any one else; that he did not rely upon his own skill in observing the seed, but that he put confidence in Sullivan. He admitted that he would not have bought the seed if he had not seen it as he looked at any seed before he bought it, but he said that he ought it because Mr. Sullivan said it was orange cane seed.

Mr. Sullivan testified that he did not think that he stated to Gray that they were tested seed but possibly he did; that the word tested in that connection did not mean that it would make good molasses, but that the seed would germinate. It is not claimed that Sullivan otherwise told Gray that this seed would grow and make good sorghum and molasses. Sullivan could not remember whether or not he told Gray that these were the best seed that could be bought, but of course Gray's testimony to that effect was substantial evidence and was manifestly believed by the jury.

The doctrine of caveat emptor does not apply, of course, except in the absence of an express or implied warranty. Cotton Oil Co. v. Gin & Lumber Co., 138 Tenn., 58, 73, 195 S. W., 770.

In Gregory v. Underhill, 6 Lea, 210, it is said:

"No special form of words is necessary to create a warranty. If the vendor in a sale of chattels make any assertion or affirmation which is not a mere expression of judgment or opinion, respecting the kind, quality or condition of the article sold, upon which he intends that the purchaser shall rely as an inducement to the purchase, and upon which the purchaser does rely, it is a warranty, provided it appear in evidence that it was intended. Pasley v. Freeman, 3 Term Rep., 57. A warranty must be proved, either positively or substantially, and any words showing the intention of the parties that there should be a warranty will suffice, the existence of the intention being a question of fact for the determination of the jury. McGregor v. Penn., 9 Yerg., 74."

The Uniform Sales Act, Code section 7205, defines an express warranty as follows:

"Any affirmation of fact or promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purport-

ing to be a statement of the seller's opinion only shall be considered as a warranty."

The foregoing evidence would support the conclusion of the jury that there was an express warranty that the seed sold was orange cane seed. It is unnecessary to determine the import of the word "tested," for independently of this word the language of the assurance upon which the buyer relied was that the seed was orange cane seed. In Hoffman v. Dixon, 105 Wis., 315, 76 American State Reports, 916, 81 N. W., 491, it was held to constitute an express warranty, where, on application by a grower for rape seed the seller informed him that he had rape seed for sale and produced and delivered seed which he claimed to be rape seed. Upon this point the Court said: "What was the contract between the parties? Upon what did their minds meet? The answer must be that the defendant would sell to the plaintiff rape seed, that the seed delivered was of that kind. Opportunity on the part of the plaintiff to inspect does not militate against his right to insist upon the condition of the contract as to the identity of the article delivered being made good, since he relied wholly on his contract, not knowing whether the article he received answered such condition or not, and not being chargeable with negligence because he did not know. In such a case the doctrine of implied warranty does not apply, but the doctrine of express warranty does. No particular form of expression or words is necessary to make an express contract of warranty. The word "warranty" is not necessary to it. An affirmation of the fact as to the kind or quality of an article offered for sale, of which the vendee is ignorant, but upon which he relies in purchasing such article is as much a binding contract of warranty as a formal agreement using the plainest, unequivocal language on the subject."

It is well settled that in such a case it is a question for the jury to decide under all the circumstances, whether a statement made by the seller to the buyer is a warranty or merely an expression of opinion; and even if the facts as to the existence of a warranty are such that more than one inference might reasonably be drawn from them, it would be for the jury to determine the proper inference. 55 C. J., 857 and cases cited.

There having been an express warranty, no distinction as to liability can be made because the seller was merely a dealer and not the producer of the seed.

Again it is insisted that the undisputed evidence points to another cause as a probable cause for the loss. There was testimony of seed experts, or analysts, that sorghum when it matures by coming to a head, may be adulterated or crossed by pollination; that the pollen from other plants in the neighborhood could be carried by wind to the

sorghum and crossed with it. The undisputed evidence shows that sudan grass, milas maize, kaffircorn, broom corn, some white orange cane, some black cane and some other plants grew from this seed. There was, however, no evidence that in the neighborhood plants of these varieties were growing sufficiently near to produce such pollination. The rule that the jury cannot determine by guess or conjecture between two equally probable causes of the injury, for only one of which the defendant is responsible, has no application where there is no substantial evidence of the existence of a sufficient cause or causes, for the injury aside from the cause charged. Nashville Railway & Light Co. v. Harrison, 5 Tenn. App., 22.

The insistence that the damages awarded are speculative cannot be sustained. In Ford v. Farmers Exchange, 136 Tenn., 287, 189 S. W., 368, L. R. A. 1917B, 1106, in discussing two rules in respect to damages growing out of the warranting of seed that proved not true to name, the learned Justice, after repudiating the narrower rule, said:

"The other and more liberal rule is applied in cases where the defective seed germinate and produce a crop that is inferior in quality and value to the one that would have been produced in the same circumstances had the seed been as warranted. In such case, by an almost unbroken line of authorities in England and America, there is held to be a reasonable basis on which to estimate the profit that would have been made had the deed been of contract quality. It is held that this basis is found in the certainly ascertainable value of the crop actually produced, the court having only to estimate the difference in value between that crop and the value of the crop that would ordinarily have been produced under the same circumstances if seed true to name had been supplied by the seller. The loss is held not to be conjectural and the damages not to be speculative or beyond the contemplation of the contracting parties."

The loss in this case is shown with sufficient definiteness to bring it within this liberal rule. There is evidence that it was a good crop year, that climatic conditions were not unfavorable and that the yield on this land would have been as hereinbefore set forth. All this, together with the proof of current market prices of the product, furnished the basis upon which the jury could legally make its award.

Two witnesses were permitted over objection of the defendants to testify as to other crops raised from seed purchased from the defendants as orange cane seed. The witness M. F. Carpenter testified that in 1929 his son-in-law bought sorghum seed from the defendants; that it did not produce a crop of sorghum, but did produce

10 or 12 varieties of other plants. Counsel for the plaintiffs, when objection was made, stated that he sought to introduce this testimony because the defendants were insisting that climatic conditions caused the failure of the crop of the plaintiff.

Seldon McDaniel testified, over objection, that in 1929 he bought sorghum seed from the defendants and that it was of no account; that he had some other seed that he planted in the same field side by side with it and that it made good sorghum.

The Court admitted this testimony as bearing upon the defense sought to be made that climatic conditions at least contributed to the loss to plaintiffs.

Ordinarily, it is error to admit evidence of similar acts or transactions of the defendant, because thereby collateral issues would be introduced which might divert the attention of the jury from the main question, and the litigant might be surprised when he could not meet evidence possibly prejudicial. Coca Cola Bottling Works v. Lewis, 9 Tenn. App., 485, and cases cited. But this testimony was admitted as bearing upon the contention made by the defendants that the loss to plaintiffs was due, at least in part, to drought or other unfavorable conditions. The Circuit Judge stated in the presence of the jury that this testimony was admitted for this purpose. The plaintiffs were entitled to meet this contention of defendants by showing that other seeds had produced good crops when sowed very near to where the seeds in question were sown.

Finally, it is urged that the Circuit Judge erred in refusing to instruct the jury by request as follows:

"I charge you gentlemen of the jury that where the buyer of the seed had an opportunity to examine the seed and could by examination of the seed determine the defects and the seller is guilty of no fraud, and is neither manufacturer nor grower of the article for sale, the maxim of caveat emptor applies, that is, let the buyer beware, and under these circumstances, if you find them to be true in this case, you will find for the defendant."

Such instructions would be applicable only in the absence of evidence of warranty, express or implied. The Circuit Judge more than once in his charge instructed the jury upon the effect of examination of the seed by the buyer. Whatever should have been said to the jury upon this subject of the effect of the buyer's examination of the seed was substantially embodied in the instructions actually given.

It results that all of the assignments of error must be overruled and the judgment of the Circuit Court affirmed. We will add that there is no evidence of fraud or fraudulent intent on the part of

the defendants and regret must be felt that such a loss must fall upon them under these circumstances; but it is the duty of the Court to enforce a contract when made, or to award damages for its breach and this duty cannot be escaped in this case.

Judgment will be entered in this Court in favor of the defendants in error against the plaintiffs in error for the sum of $420, with interest from the date of the judgment in the Circuit Court, and all costs of this cause. The costs of the appeal will also be adjudged against the surety on the appeal bond.

Faw, P. J., and Crownover, J., concur.