## ELMER v. McCUNE et al.

### No. 1653 (81 Pac. 159).

1. ACTION—ISSUES—JUDGMENT.—Where a complaint to establish a water right alleged in several places that Chase Springs was the source of plaintiff's supply, and the matter in controversy and the prayer sought a recovery of Chase Springs, a judgment awarding plaintiff such relief was not objectionable, as broader than the complaint, though in several places the term "Chase Spring" was used, which identified a well-known and recognized spring, apart and distinct from the remainder of a group of springs known as "Chase Springs."

2. SAME—CERTAINTY.—A decree in an action to establish a water right declaring plaintiff to be the owner and entitled to the possession and use of all the waters of certain springs, together with the use of the dams, ditches, canals, and flumes through which the water flowed down to and on the land of plaintiff, as set forth in its complaint, was not objectionable for indefiniteness, for failure to allot to plaintiff certain water by definite measurement, on the ground that waters from other sources than those belonging to plaintiff intermingled with the waters covered by the decree, and flowed in the channel from which plaintiff diverted his water.

(Decided June 12, 1905.)

APPEAL from District Court, Juab County; T. Marioneaux, Judge.

Action by Edward Elmer against George McCune and others. From a judgment for plaintiff, defendants appeal.

AFFIRMED.

*W. A. C. Bryan* and *Richards, Richards & Ferry* for appellants.

*T. L. Foote* and *Arthur Brown* for respondent.

APPELLANT'S POINTS.

Under the circumstances of this case, the decree is so un-certain as not to be susceptible of enforcement.

The numerous cases in this State in which the trial courts have attempted to award various water rights by describing the same as "good irrigating streams and sufficient to water a certain number of acres" and various other vague and in-definite descriptions which have been universally disapproved upon appeal to this court, are certainties themselves compared with the absolute uncertainty of this decree which upon its face appears to be certain, paradoxical as this may sound. It is true that the deficiencies in the evidence were such that no other conclusion could be reached than a dismissal of the case as far as the rights of the plaintiff were concerned, and it is perhaps marvelous that under those circumstances the court could render a decree which upon its face appeared to be certain, although as a matter of face it was absolutely in-definite and futile.

Considering that this water was taken out of a channel supplied from the various sources and in which various persons were interested, we insist that the mode of measurement prescribed by the statute must be observed, or the enactments in

that respect and decisions thereon, are meaningless. Rev. Stat. 1898, sec. 1282, "Unit Measurement." "The standard unit measurement for flowing water shall be the continuous flow of one cubic foot per second of time and shall be known as the second foot." Sec. 1283, Id. : "The volume of water required to cover one acre to the depth of one foot shall be known as the acre foot and is equivalent to 43,560 cubic feet." No one will contend that there were any circumstances in this case which made it impossible, or even difficult, for the plaintiff to ascertain, by the measurement prescribed, the water which he had used or which he was entitled to use, whether that amount was the flow of the spring or springs in question or some other quantity. This court has passed upon the question referred to a number of times. (*Lost Creek Irrigation Co. v. Rex et al.*, 26 Utah 486; *Center Creek Irrigation Co. v. Lindsay*, 21 Utah 198; *Nephi Irrigation Co. v. Wickers*, 15 Utah 374; *Cresent Min. Co. v. Silver King Min. Co.*, 14 Utah 57; *Nephi Irrigation Co. v. Jenkins*, 8 Utah 369; *Smith c. Phillips*, 6 Utah 376.)

### RESPONDENT'S POINTS.

In paragraph 1 of the brief of appellants it is admitted that the description is sufficient so far as the spring or springs is concerned, if we rightly understand that paragraph. It is claimed, however, that the decree is broader than the complaint. An examination of the record will show that all the facts are alleged in the stating part of the complaint. Where the facts are stated the mere form of the prayer does not limit the recovery. The conclusion of paragraph one of appellant's brief that the prayer restrict the demand is unfounded in law or reason.

In *Nephi Irrigation Co. v. Vickers*, 15 Utah 374, the case was reversed because instead of describing by proportion or share in ditch the cross-complaint simply demanded a decree awarded "sufficient to irrigate thirty acres." There was no definition as to what was necessary to irrigate thirty acres, hence of course it was properly reversed. That decision, however, also refers (and we do) to the case of *Holman v. Pleas-*

*ant Grove City,* 8 Utah, where the description was held to be sufficient because there was a way to make it certain, a proportion was given, each acre could be divided and wherever it could be divided by acres that was sufficient. In *Nephi Irrigation Co. v. Jenkins,* 8 Utah 369, there was no attempt whatever to define different interests of different co-tenants in the water. Each of the cases cited will show that there was an indefiniteness, while in this case the finding and decree for all of the water of all of the springs and all of the ditch is certainly definite enough.

In the third paragraph of appellant's brief there is no other question raised than the same that it was indefinite. At page 16 it is said: "All the water in the canal referred to was percolating; it arose from springs and no one will question that this, together with the surface waters upon this land, primarily belonged to the owners of the surface soil." We do question it. The case of *Whitmore v. Utah Fuel Co.,* above referred to, shows that water that comes to the surface in springs can be appropriated. They become streams. All rivers and streams originate in springs. As soon as they come to the surface they cease to be springs, but streams. Even underground waters that do not come to the surface can be appropriated and an interest acquired in them. (*Whitmore v. Utah Fuel Co., supra; Cohen v. La Canada L. & W. Co.,* 142 Cal. 437; *Montecello Valley Co. v. Santa Barbara,* 144 Cal. 578; *Katz v. Walkinshaw,* 141 Cal. 117.)


BARTCH, C. J.

The plaintiff brought this action against the defendants to have his ownership in and right to the use, for irrigation and culinary purposes, of the water of Chase Springs established, and to restrain the defendants from interfering with the water, or with his dams, ditches, and means to convey the water for the purposes mentioned, and for damages for interference by the defendants with the same prior to the institution of this suit. The defendants disclaim unlawful interference, claim such interference with their rights by the plaintiff, and ask that he be enjoined. From the evidence it appears that the

springs in question and the lands of the parties are situate in Juab county, and that the plaintiff settled upon his land in 1876, and, according to his testimony, used all the water of the springs and had peaceable possession thereof until 1901, when the defendants, who, it seems, had acquired the last of their land in 1897, commenced to interfere with his use, and then and thereafter committed the acts upon which this suit is founded. At the trial the court adjudged the plaintiff to be entitled to all of the water of the Chase Springs, restrained the defendants from interfering with the same, or with the means provided for conveying it to the place of use, and awarded damages for the wrongful acts of the defendants in the sum of $350. Thereupon this appeal was prosecuted.

The appellants, among other things, contend that the decree of the court determining the rights of the plaintiff is broader than the allegations of the complaint, and therefore is erroneous. It is insisted that the complaint only alleges the ownership of Chase Spring; that this is a well-known and recognized spring, separate, apart, and distinct from the remainder of a group of springs known as "Chase Springs;" and that the decree, granting to the plaintiff, as it does, the Chase Springs, or the entire group, goes beyond the scope of the pleadings, and grants more than was involved in the suit. It is true that the term "Chase Spring" was used in several places in the complaint, but it is also true that the term "Chase Springs" was employed at other places in it and in the prayer; and, reading all the paragraphs of the complaint, and construing the instrument as a whole, it seems clear that the subject-mater in controversy, and which was made the basis of this suit, was Chase Springs, and not alone Chase Spring. This is also clear from the proof. This point, therefore, is not well taken.

The appellants also complain that, under the circumstances of this case, the decree is so uncertain as not to be susceptible of an enforcement. The decree, so far as material, here reads:

"It is ordered, decreed, adjudged, and determined that the said plaintiff, Edward Elmer, is the owner and entitled to the possession, use and benefit of all

the waters of said Chase Springs, together with the use of the dams, ditches, canals, flumes through which said waters flow, down to and on the land of the plaintiff as set forth in plaintiff's complaint, all the year around, for culinary, domestic, and agricultural purposes."

Counsel for appellants admit that upon its face the decree is sufficiently certain—it awarding all of the water of Chase Springs—and that, in the absence of complicating circumstances, no exception could be taken to the wording of the decree. But they insist that because waters from other sources, shown by the evidence, intermingle with the water covered by the decree, and flow in the channel from which the plaintiff diverts his water, the decree is uncertain, since it does not specify the amount to which the plaintiff is entitled, in second feet, or by some other known measurement. While it is always desirable and preferable in such cases to allot the water to the owners according to some known and definite measurement, still we do not think that the circumstances disclosed by the evidence in this instance are such as to render the decree vulnerable because of a failure to award the water according to the standard of such measurement. The decree, in specific terms, sets apart for the use of the plaintiff, and as belonging to him, all the water of the Chase Springs, and, in so far as appears from the evidence, it would not seem to be a very difficult task for the parties to ascertain and determine the amount of water which issues from those springs, they, as indicated by the proof, having a regular flow; and the amount so flowing from the springs will, under the decree, constitute the amount which the respondent has a right to divert from the channel of commingled waters. We are therefore of the opinion that, under the circumstances, the decree is sufficiently certain to render it valid and binding upon the parties. The holding herein is not in conflict with the doctrine of any of the cases cited by the appellants. We are also of the opinion that there is sufficient evidence to support the findings, and that the findings support the decree.

Entertaining the view that the decree is valid, we do not

deem it important to discuss any of the other points presented, although they have not escaped our attention.

The judgment is affirmed, with costs.

McCARTY and STRAUP, JJ., concur.