CHARLES F. DUNBAR, Plaintiff, *v.* EDWARD SWEENEY and JOHN W. SWEENEY, Defendants.

(Supreme Court, Niagara Special Term, March, 1917.)

Injunctions — who entitled to — action for — deeds — mortgages — damages — water rights — trespass — evidence — judgments.

By a deed of conveyance of the lands now owned by plaintiff, made by the owner of the premises now owned by defendants, the grantor expressly reserved to himself and to his heirs, grantees and assigns the right to draw at any and all times as much water from a certain spring upon the granted premises as could be drawn and conveyed continuously through a certain pipe laid as described in the deed, and the grantee gave back a purchase money mortgage which recited that it was subject to identically the same reservation. Prior to the foreclosure of said mortgage, upon which plaintiff's title rests, the grantor became vested with the equity of redemption in both parcels and in the meantime assigned the first mortgage. He then mortgaged the premises now owned by defendants without any ·express reference to such reservation in favor thereof, and defendants derived their title through the foreclosure of that mortgage. Defendants erected upon their premises a cold storage warehouse for fruit and a plant for refrigeration and

Supreme Court, March, 1917. [Vol. 99.

for the manufacture of ice for the refrigeration of cars shipped out of their plant and for the sale of surplus ice and for those purposes excavated a large well hole or cistern upon their own premises to a depth of nearly three feet below the level of the bottom of the spring on plaintiff's premises and thereby cut off the natural flow and percolation of water through their premises to said spring and accumulated the water in the well from which they pumped and used it, thereby excluding plaintiff from and depriving him of the use and enjoyment of his spring. In an action for injunctive relief, *held:*

That while the reservation of the water rights was covered by the mortgage, through which defendants claim as appurtenant to the mortgaged premises, and passed to the purchaser on foreclosure of the mortgage and to his grantees, such rights constituted a use of the water from the spring in part subordinate to the rights of the owner of the spring which had always been fed by the flow or percolation of water under the surface of the ground through defendants' lands, and otherwise in common, but not to the exclusion of the use of the spring by the owner.

That defendants' use of the water although intercepted and taken wholly from their own land is unreasonable and in violation of plaintiff's rights entitling him to an injunction to confine such use to the reasonable requirements and enjoyments of their lands, as such, which will exclude the use of the water for manufacturing ice to be shipped out as refrigeration or to be used off the premises for any purpose to the diminution of the flow of sufficient water to the spring for plaintiff's use in connection with his land.

That since defendants have a lawful right to use the water in connection with their land and the comfortable and convenient use and enjoyment thereof, but not for a commercial purpose when that will interfere with plaintiff's use and enjoyment of the spring, the case is a proper one for alternative relief by way of permanent damages to the fee instead of injunctive relief.

The fact that when the action was commenced there was a continuing trespass, consisting in the wrongful discharge and drainage of water upon and over plaintiff's premises, was sufficient evidence of a threatened continuance of the trespass to entitle plaintiff to an injunction in that regard, in any event.

ACTION for an injunction.

George D. Judson, for plaintiff.

S. Wallace Dempsey, for defendants.

Laughlin, J.  This is a suit in equity for injunctive relief with respect to an alleged unlawful interference by defendants with the subterranean flow of water, under premises owned by them, to a spring on adjoining lands owned by plaintiff; and with respect to an alleged continuing trespass by defendants by collecting water in artificial channels and discharging it upon plaintiff's lands.

The plaintiff acquired title to and was in possession of the premises, on which there was a perpetual spring of wholesome water known as the Cataract Spring, prior to the time the defendants came into ownership and possession of their adjoining lands, which were then entirely vacant and unimproved.  The spring had existed and been in use for upwards of forty years for domestic purposes by the occupants of plaintiff's lands which were improved and upon which a canal grocery business was conducted for commercial purposes in supplying Erie canal boats with water.  Formerly the premises owned by plaintiff, and those owned by defendants, were owned in common.  On the 13th day of April, 1894, the common owner conveyed the premises now owned by the plaintiff with a reservation for the benefit of his remaining lands, which embraced those now owned by the defendants as follows: " Reserving, however, unto the party of the first part, hereto and to his heirs, grantees and assigns the right to enter into and upon the premises hereinbefore described and to excavate and do all acts necessary to lay, construct, maintain, keep in repair and renew a pipe two inches in diameter from the Spring located on said premises, known as the Cataract Spring, either

at a point three inches below the high water mark of said Spring or from a tank to be erected below said Spring to catch the waste water of said Spring underground, through and across said lands to any point upon the lands now owned by the party of the first part lying directly south of the lands hereby conveyed as may be desired by said party of the first part and the said first party hereby expressly reserves the right to himself and to his heirs, grantees and assigns to draw from said Spring at any and all times as much water as can be drawn and conveyed continuously from the said Spring, through the said two inch pipe laid as hereinbefore described, but not so as to interfere with the supply sufficient for all canal purposes of the parties of the second part.''

At the same time the grantee gave back to the grantors a purchase money mortgage on the premises so conveyed containing a recital showing that it was subject to identically the same reservation as that contained in said deed. The plaintiff's title rests on a conveyance on a foreclosure of said mortgage. Prior to said foreclosure the grantor mortgaged his remaining premises, including those now owned by defendants, without any express reference to said reservation in favor thereof. The defendants derived their title through the foreclosure of the last mentioned mortgage. After the execution of said last mentioned mortgage the premises covered by the first mentioned mortgage were reconveyed to the grantor thereof, so that before the foreclosure of the first mentioned mortgage he became vested with the equity of redemption in both parcels, having in the meantime assigned the first mentioned mortgage. The learned counsel for the plaintiff contends that the water rights so reserved were not covered by the mortgage through the foreclosure of which defendants derived title, and that

upon the revesting of title to both parcels in the common owner they became merged. I am unable to agree with that contention and am of opinion that the reservation of the water rights was covered by the mortgage, through which defendants claim, as appurtenant to the premises mortgaged and passed to the purchaser on the foreclosure thereof and to his grantees. *Hankey* v. *Clark,* 110 Mass. 262; *Mason* v. *Thwing,* 94 App. Div. 77; *Babcock* v. *Utter,* 40 N. Y. 397; *Dexter S. P. Co.* v. *Frontenac P. Co.,* 20 Misc. Rep. 442. Although defendants have succeeded to the reserved water rights that is not a defense to this action, for they have not attempted to exercise those rights as authorized. Moreover, those rights constituted a use of the water from the spring in part subordinate to the rights of the owner of the spring and otherwise in common, but not to the exclusion of the use of the spring by him.

The spring has always been fed by the flow or percolation of water under the surface of the ground through the lands now owned by defendants. The defendants do not use this land for agricultural or residential purposes, and they require no water for domestic use on their premises. Their premises are used exclusively for business purposes. They erected thereon a cold storage warehouse for fruit and a plant for refrigeration and for the manufacture of ice for the refrigeration of cars shipped out of their plant and for the sale of surplus ice not required for that purpose. For those purposes they excavated a large well hole or cistern on their own premises, but within a few feet of plaintiff's spring, to the depth of nearly three feet below the level of the bottom of the spring, and thereby cut off the natural flow and percolation of water through their premises to plaintiff's spring and accumulated the water in the well or reservoir from

which they pumped and used it, and thereby exclude the plaintiff from and deprive him of the use and enjoyment of his spring.

I am of opinion that such use of the water, although intercepted and taken wholly from the lands of the defendants, is unreasonable and in violation of plaintiff's rights under the modern rule on this subject and entitles him to an injunction to confine such use to the reasonable requirements and enjoyments of the lands of the defendants as such, which will exclude the use of the water for manufacturing ice to be shipped out as refrigeration or to be used off the premises for any purpose to the diminution of the flow of sufficient water to the spring for the plaintiff's use in connection with his land. See *Lowndes* v. *Huntington Water Works Co.,* 163 App. Div. 37; *Forbell* v. *City of New York,* 164 N. Y. 522–526; *Smith* v. *City of Brooklyn,* 18 App. Div. 340; affd. on another ground, 160 N. Y. 357; *Hathorn* v. *Natural Carbonic Gas Co.,* 194 id. 326; *People* v. *New York Carbonic Acid Gas Co.,* 196 id. 421, 431–434; *Westphal* v. *City of New York,* 177 id. 140. On the trial the court was of opinion that this might be a proper case for the application of the rule with respect to alternative relief by way of permanent damages to the fee instead of injunctive relief, which has been sanctioned in somewhat similar cases (see *Westphal* v. *City of New York, supra*), and on that theory evidence with respect to fee damages was received. Neither party, however, asked that the rule be applied here. Counsel for plaintiff insists that it should not be applied and counsel for defendants insists that there has been no invasion of plaintiff's rights or diminution in either rental or fee value for which he can recover against defendants. I find otherwise on both points and am of opinion that since defendants have a lawful right to use the water in connection with their

land and the comfortable and convenient use and enjoyment thereof but not for commercial purposes or to make ice to be sold or used off the premises when that will interfere with plaintiff's use and enjoyment of the spring — this is a proper case for alternative relief to the end that further litigation likely to arise may be avoided, provided the defendants prefer to pay the fee damages rather than to be enjoined with respect to the maintenance of their well or reservoir and the use of water therefrom. The injunctive relief in that regard will, therefore, be withheld for thirty days, and if during that time the defendants shall pay or tender to the plaintiff the fee damages as fixed by the decision and the rental damages as found, together with interest on both amounts from the 1st day of July, 1915, upon plaintiff's releasing to them the right to maintain and use their well or reservoir as now constructed and used without restriction, then such injunctive relief will be denied, and unless plaintiff shall execute and deliver such release or such tender he will be left to his remedy at law for damages with respect to the interference with his rights concerning the spring.

There was a continuing trespass consisting in the wrongful discharge and drainage of water upon and over plaintiff's premises when the action was commenced, and there is sufficient evidence of a threatened continuance thereof to entitle plaintiff to an injunction in that regard in any event.

I have in many instances modified proposed findings to conform to the facts as I see them and have found the requests as so modified. In every such instance the party making the request, if not satisfied with the modifications, may regard the rulings as a refusal to find as requested.

It follows that plaintiff is entitled to judgment as

indicated in the conclusions of law presented in his behalf as modified and supplemented by the court.

Judgment accordingly.