SHARP v. CANKIS GIANULAKIS.

No. 3959.   Decided March 18, 1924.   (225 Pac. 337.)

1. PLEADING—ORDER GRANTING LEAVE TO REPLY HELD WITHIN DISCRETION OF TRIAL COURT. An order granting permission to file a reply during the progress of the trial is within the discretion of the trial court.

2. CONTINUANCE—MOTION FOR CONTINUANCE HELD WITHIN DISCRETION OF TRIAL COURT. A motion for a continuance is within the discretion of the trial court.

3. APPEAL AND ERROR—APPELLATE COURT CANNOT REVERSE ORDERS GRANTING PERMISSION TO FILE REPLY AND DENYING CONTINUANCE UNLESS TRIAL COURT ABUSES ITS DISCRETION. The appellate court is unauthorized to disturb orders granting permission to file a reply during the trial and denying a motion for continuance, in absence of any showing that the trial court abused its discretion therein.

4. PLEADING—COURT HELD NOT TO ABUSE DISCRETION IN ALLOWING REPLY TO BE FILED TO UNRELATED AFFIRMATIVE MATTER IN DE-

FENDANT'S ANSWER. In an action for damages for depriving plaintiff of the use of water for irrigation, the court did not abuse its discretion in allowing plaintiff to file a reply to defendant's answer claiming ownership and right to use, where the affirmative matter in the answer denied by the reply was in no way related to plaintiff's claim to the use of the water.

5. CONTINUANCE—COURT HELD NOT TO ABUSE DISCRETION IN REFUSING TO GRANT CONTINUANCE TO SECURE WITNESSES TO MEET ISSUES RAISED BY REPLY. In an action for damages for depriving plaintiff of the use of water for irrigation, the court did not abuse its discretion in refusing to grant defendant a continuance to meet the issues raised by plaintiff's reply, where no showing was made as to what witnesses were required or what they would testify.

6. APPEAL AND ERROR—APPELLATE COURT WILL PRESUME THAT TRIAL COURT DID NOT CONSIDER DECREE ERRONEOUSLY ADMITTED. If the court erred in permitting in evidence a decree which had no relation to the issues, it was immaterial, where it was not in the record and it did not appear whether it was considered by the court, as, in absence of a contrary showing, the appellate court was bound to presume that the trial court did not consider the decree in arriving at its judgment.

7. DAMAGES—MEASURE OF DAMAGES' FOR DESTRUCTION OF GROWING CROPS. The measure of damages for the destruction of a growing crop is the difference between the market value of the crop before and after the alleged damage; and it is proper in arriving at the damage to take into consideration the market value of the crop at maturity and deduct its entire market value at maturity in its injured state from the market value if it had been permitted to mature in the ordinary way and deduct from that amount the cost of harvesting the same and bringing the crop to maturity.[1]

8. APPEAL AND ERROR—APPELLATE COURT WILL PRESUME THAT TRIAL COURT APPLIED CORRECT MEASURE OF DAMAGES. In an action for the destruction of growing crops, the appellate court will presume, in absence of contrary showing, that the trial court, in the determination of damages, if any, applied the proper measure of damages.

Appeal from District Court, Seventh District, Carbon County; *F. E. Woods,* Judge.

---

[1] *Cleary* v. *Shand,* 48 Utah, 640, 161 Pac. 453; *Naylor* v. *Floor,* 51 Utah, 382, 170 Pac. 971.

Action by Joseph R. Sharp against Cankis Gianulakis. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*O. C. Dalby,* of Salt Lake City, and *B. W. Dalton,* of Price, for appellant.

*C. W. Morse,* of Salt Lake City, for respondent.

GIDEON, J.

It is alleged in the complaint that the respondent, plaintiff below, owned certain property described located in Carbon county, Utah; that the respondent and his predecessors in interest, for more than 30 years preceding the date of the filing of the complaint, had taken from a mountain stream known as Grassy Trail creek water and had diverted the same by means of headgates and ditches upon said real estate and applied it to a beneficial use in the irrigation of crops growing on the land; that on or about June 1, 1920, and at diverse subsequent times and prior thereto, the defendant wrongfully and unlawfully cut the headgates and destroyed the banks of the ditches through which the water was flowing and deprived the plaintiff of the use and benefit of said water for irrigation and other purposes. Damages to respondent's crops by reason of appellants interference with his right to the use of the water were also alleged. The prayer of the complaint is for damages, for a decree quieting respondent's title and right to the use of the water, and for a permanent injunction restraining appellant from in any way interfering with the use of the water or any part thereof by respondent. The appellant denied respondent's right to the use of the water, and in an affirmative defense claimed ownership and right to use the water upon lands owned by him. The court entered judgment for $150 damages in favor of respondent and a perpetual injunction restraining appellant from interfering with respondent's use of or right to use the water in controversy. From that judgment this appeal is taken.

Four errors are assigned. The first two relate to the ruling of the court in permitting the respondent to file a reply to the affirmative matter of the answer during the progress of the trial and also to the ruling of the court in refusing to grant appellant's motion for a continuance to permit the appellant to secure witnesses to meet the issues raised by the reply.

The order granting permission to file a reply is clearly within the discretion of the trial court, as also is the motion for a continuance. In the absence of any showing that the court abused its discretion, this court is not authorized to disturb those orders or to reverse the judgment by reason of the same. The affirmative matter denied by the 1-5 reply in no way related to the claim or right of the respondent to the use of the water. It was an affirmative allegation alleging ownership and right to the use of the water in appellant. No showing was made to the court as to what witnesses were required to meet the issue raised by the reply; nor was anything stated as to what such witnesses would testify if present. There is nothing to show that the court abused its discretion either in permitting the reply to be filed or in denying the motion for continuance.

By the third assigned error it is claimed that the trial court erred in permitting the introduction in evidence of a certain decree, in the case of *J. R. Sharp* v. *George C. Whitmore and Others,* for the reason that the decree has no relation to and is in no way connected with the issues of the present action. That decree is not found in the record. Whether it was considered by the court in arriving at its judgment does not appear. There is ample evidence in 6 the record to support the court's findings and decree independent of and regardless of the decree in the Whitmore Case. If that decree was not admissible as evidence in this case, in the absence of a contrary showing it must be presumed by this court that the trial court did not consider that decree in arriving at its judgment.

Under the fourth assigned error it is strenuously insisted that the court erred in entering judgment for damages

Appeal from Seventh District

against the defendant for the reason that there is no sufficient evidence on which to base such a judgment, and that the finding has no support in the evidence. There is testimony in the record given by the respondent that in the year 1920 he had a growing crop of oats on 15 acres of land; that such crop was a healthy and normal one in June of that year; and that by the interference with the use of his water by the appellant the crop was an entire failure, and respondent was not able to harvest it except as it could be used for chicken feed. Respondent also gave testimony as to the cost of maturing a crop, harvesting it and having it threshed, and as to the number of bushels that ordinarily can be realized per acre from a usual or normal crop. Respondent likewise gave testimony as to the cost of oats at the nearest market point. It has been established by two former opinions of this court that the measure of damages for the destruction of a growing crop is the difference between the market value of the crop before and after the alleged damage; that in attempting to arrive at that damage it is proper to take into consideration the market value of the crop at maturity and deduct its entire market value at maturity in its injured state from the market value if it had been permitted to mature in the ordinary way, and deduct from that amount the cost of harvesting the same and bringing the crop to maturity. *Cleary* v. *Shand*, 48 Utah, 640, 161 Pac. 453; *Naylor* v. *Floor*, 51 Utah, 382, 170 Pac. 971. In the absence of any showing to the contrary, this court will presume that the trial court in the determination of damages, if any sustained by respondent, caused by the acts of appellant, applied the proper measure of damages as announced by this court. The court allowed $150 damages, and the testimony measured by the standard announced in the cases cited is amply sufficient to support the court's finding in that regard.

We find no reversible error in the record.

The judgment of the district court is therefore affirmed, with costs.

THURMAN, FRICK, and CHERRY, JJ., and HANSEN, District Judge, concur.

WEBER, C. J., did not participate herein.