## GIANULAKIS v. SHARP.

No. 4598.   Decided February 8, 1928.   Rehearing Denied June 4, 1928.
(267 P. 1017.)

*F. W. James* of Salt Lake City, for appellant.

*O. K. Clay,* of Price, for respondent.

HANSEN, J.

This is a suit in equity involving the right to the use of the water flowing from a number of springs located on section 18, township 15 south, range 13 east, Salt Lake meridian, in Carbon county, Utah. At the time this suit was brought plaintiff claimed to be the owner of 240 acres of land in Carbon county, Utah. Defendant claimed to be the owner of 940 acres of land in Carbon county, Utah. The springs involved in this suit are located upon defendant's land. All of the lands claimed by the plaintiff and defendant are located in the vicinity of the springs, and need irrigation to raise agricultural crops. Plaintiff alleges that the

water flowing from the springs located on defendant's land, when not interfered with, courses into Big Springs wash, from which plaintiff claims the right to divert these and other waters flowing in the wash onto his land. Plaintiff bases his right to the use of the water involved in this suit upon an application to appropriate water, filed with the state engineer of Utah September 29, 1914, and allowed by the state engineer November 27, 1920. Defendant claims the right to the use of the water flowing from the springs located on his land. Defendant's claim to these spring waters is primarily based on a decree made and entered in the district court of Carbon county, Utah, August 21, 1922, in a suit wherein the defendant herein was plaintiff and the plaintiff herein was a defendant. At the beginning of the trial of this suit it was agreed between counsel for the parties that the court should first try out the issue of whether or not the decree in the case of *Sharp* v. *Gianulakis* (63 Utah 249, 225 P. 337) is res adjudicata of the issues in this suit. Thereupon the pleadings, findings of fact, conclusions of law, decree, and opinion of this court affirming the decree in the case of *Sharp* v. *Gianulakis* were offered and received in evidence. After these records were received in evidence the trial judge indicated that he was of the opinion that the questions involved in this proceeding were adjudicated in the case of *Sharp* v. *Gianulakis,* as claimed by the defendant herein, unless the plaintiff in this suit could show that the decree rendered in the other suit does not determine the rights of the parties herein to the water in controversy. Thereupon counsel for the plaintiff stated that the evidence would show that from 1914 to 1920 the water from the springs located on defendant's land flowed into Big Springs wash and then down the wash to the point where it was diverted by the plaintiff; that prior to 1920 sufficient of the water from the springs located on defendant's land reached plaintiff's point of diversion to supply plaintiff with a stream of 1.25 second feet, the amount of his appropriation; that during the years

1920, 1921, or 1922, defendant diverted all of the water onto land remote from the Big Springs wash and thereafter none of the water from the springs in question found its way into Big Springs wash by direct flow, seepage, or at all, and as a result plaintiff received no water with which to irrigate his land.

The parties to this suit are agreed that the plaintiff in this suit was a defendant in the case of *Sharp* v. *Gianulakis*, and that the defendant in this suit was the plaintiff in the other suit. They are also agreed that the water involved in both suits is the water flowing from the same springs, which are located on defendant, Sharp's land. At this stage of the proceedings, upon defendant's motion, the court ordered judgment entered dismissing plaintiff's complaint, for the reason that the rights to the use of the water involved in this suit have been formerly adjudicated. Thereafter the court made and filed its findings of fact, conclusions of law, and judgment dismissing plaintiff's complaint.

Plaintiff prosecutes this appeal from the judgment thus entered dismissing his complaint. It is here contended by appellant that the judgment should be reversed for two reasons: (1) That the former decree in the case of *Joseph R. Sharp* v. *Canakis Gianulakis* is void for uncertainty; (2) that the former decree does not give the defendant herein the right to change his point of diversion and use to the damage of the plaintiff.

The case of *Sharp* v. *Gianulakis* is reported in 63 Utah 249, 225 P. 337. In the opinion there is no discussion of the question here raised as to the uncertainty of the decree rendered in that cause. In the findings of fact in the case of *Sharp* v. *Gianulakis* are the following:

"First. That the plaintiff is the owner and at all the times mentioned in his complaint was in the possession of the following described real estate, situated in Carbon county, state of Utah, to wit: The N. W. ¼ of the N. W. ¼ of section 19; the W. ½ and N.

½ of the N. E. ¼ of the S. W. ¼ of N. E. ¼ of section 18; and the E. ½ of S. E. ¼, the E. ½ of the N. W. ¼, the N. ½ of S. E. ¼ and N. E. ¼ of section 17, all in township 15 south, range 13 east, Salt Lake base and meridian—and that all the said land in its natural state is barren and sterile and will not produce agricultural or other valuable crops, but with artificial irrigation the same is fertile and will produce all kinds of agricultural and horticultural crops.

"Second. That there are arising upon certain of said lands belonging to the plaintiff a number of springs known as the Big Springs, East Springs, and others unnamed.

"Third. That more than 20 years ago the predecessors in interest and title of the plaintiff diverted and used for culinary, domestic, and stock-watering purposes, and for the irrigation of the lands hereinbefore described, all of the flow of water from each and all of the said springs, and that the plaintiff and his predecessors in interest have ever since, during all of each and every year, diverted and used all of the flow of the water of each and all of said springs for said purposes, and that all of the water flowing from each and all of said springs has been, during each and every year, and now is, necessary to supply the reasonable requirements of the land to which the same has been applied and for the culinary, domestic, and stock-watering necessities of the plaintiff."

"Sixth. That on the 29th day of September, 1914, the defendant Canakis Gianulakis filed in the office of the state engineer of the state of Utah an application to appropriate 1.25 cubic feet of water per second from the unnamed wash locally known as Big Springs Branch creek, at a point north 25 degrees 0′ east 1,400 feet from the west quarter corner of section 19, township 15 south, range 13 east, Salt Lake base and meridian, and such water to consist of the seepage water flowing into said wash above said point of diversion and such waste water as passed the J. R. Sharp diversion dam situated in said wash near the south line of the property belonging to said J. R. Sharp, and that subsequently, to wit, on the 27th day of November, 1920, the said defendant, having made the proofs required by the state engineer, a certificate of appropriation was issued to him entitling him to the use of said 1.25 second feet of seepage and waste water to be diverted as in said application set forth.

"Seventh. The court further finds from the evidence that the said defendant (Gianulakis) has not at any time diverted, appropriated, or used any of the waters * * * of the said springs or any of them, and that the waters mentioned in his said application to

the state engineer and the certificate issued in pursuance thereof, which said application is numbered 5918, and which said certificate is numbered 1030, do not include any of the waters * * * of said springs, nor either of them."

The decree entered in the case of *Sharp* v. *Gianulakis,* so far as material here, provides:

"It is now, therefore, considered, ordered, adjudged and decreed that the plaintiff, Joseph R. Sharp, is the owner and entitled to the use of all of the waters flowing from those certain springs known as Big Springs, East Springs, and other unnamed springs, all of which said springs arise upon the following described lands, owned by the plaintiff, and situated in Carbon county, state of Utah, to wit: The N. W. ¼ of N. W. ¼ of section 19; the W. ½ and N. ½ of the N. E. ¼ of the S. W. ¼ of N. E. ¼ of section 18; and the E. ½ of S. E. ¼, the E. ½ of the N. W. ¼, the N. ½ of S. E. ¼ and N. E. ¼ of section 17, all in township 15 south, range 13 east, Salt Lake base and meridian—and his title and right to the use of all said water is hereby quieted and confirmed.

"Second. That the defendant, Canakis Gianulakis, and his servants, agents, and employees, be and they are hereby perpetually enjoined from entering upon any of the above-described lands belonging to the plaintiff, and they and each of them are perpetually enjoined from placing any obstruction or obstructions in any of the irrigation ditches of plaintiff upon any of the said lands and from digging in or destroying or in any way interfering with the banks of any such ditches and from taking any of the waters of said springs, or interfering with the use of such waters by plaintiff."

It will thus be seen that there is nothing uncertain in the decree. It quiets plaintiff's title to all of the water flowing from the springs and enjoins the defendant in that suit, plaintiff here, from taking any of the water of ▪ the springs. Nothing can be more certain than to decree all of the water flowing from certain designated springs to one party and perpetually enjoining the other party from taking any of the water flowing from such springs. This court has so held in the cases of *Elmer* v.

*McCune,* 29 Utah 320, 81 P. 159; *Anderson* v. *Hamson,* 50 Utah 151, 167 P. 254. Nor can it be said that the decree is uncertain as to the period when Sharp is entitled to the use of all the water flowing from the springs. All of the waters flowing from the springs cannot well be considered to mean anything short of throughout the year. If there is any uncertainty in the decree in this respect, reference to the findings of fact hereinbefore set out makes it clear that Sharp was awarded all of the flow of water from all of the springs during all of each and every year.

Before the plaintiff in this suit can be heard to complain because he has been deprived of the use of the water flowing from the springs in question, he must establish some right to the use of such water or a part thereof. Even though it be conceded that defendant's title is weak, that fact alone does not entitle plaintiff to any relief. In the case of *Sharp* v. *Gianulakis,* the trial court found that Gianulakis's application to the state engineer and the certificate issued in pursuance thereof did not include any of the waters flowing from the springs located on the land of Sharp. The decree in that case perpetually enjoins plaintiff herein from taking any of the water of those springs. In both the case of *Sharp* v. *Gianulakis* and in this case, Gianulakis bases his title upon the same appropriation. No claim is here made by the plaintiff that he has acquired any other or additional right since the decree was entered in the case of *Sharp* v. *Gianulakis.* It is a general rule of law that the owner of a right to the use of water may change the place of use so long as the rights of others in such water is not interfered with. Weil, Water Rights in the Western States (3d Ed.) vol. 1, § 508, p. 549; Kinney on Irrigation and Water Rights (2d Ed.) vol 2, § 867, p. 1522; *Patterson* v. *Ryan,* 37 Utah 410, 108 P. 1118; *Moyle* v. *Salt Lake City,* 50 Utah 357, 167 P. 660; *Spring Creek Irr. Co.* v. *Zollinger,* 58 Utah 90, 197 P. 737. The plaintiff, being without any right in the water here in controversy, cannot be heard to complain because

the owner so uses the water that plaintiff derives no benefit from such use. The trial court properly entered judgment dismissing plaintiff's complaint.

The judgment is affirmed. Respondent is awarded his costs.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.