CHARLES R. RINGWALD and Another, Respondents, *v.* WOJCIECH SADLOWSKI and Another, Appellants.

Fourth Department, November 30, 1932.

*Isaac Shorr* and *Carol Weiss King*, for the appellants.

*James T. Cross*, for the respondents.

EDGCOMB, J. Prior to October 17, 1914, Joseph Moreall and wife were the owners of a farm situated in the town of Ava, Oneida county, N. Y., upon which was located a spring, the waters of which ran by gravity through a pipe line to the house and barn located on said premises.

On the above-mentioned date the owners conveyed to the defendants a portion of the farm, including the part upon which the spring was located, reserving, however, the right to take the water from the spring as it was then piped.

On November 8, 1918, Mr. Moreall and his wife entered into a land contract with the plaintiffs for the sale of the balance of the property, including the house and barn. Plaintiffs entered into immediate possession, and have been occupying the property ever since.

The land contract made no reference to the spring. The water, however, continued to run through the pipe line to the farm buildings, and to be used by the plaintiffs the same as it had been used by the previous owners. Defendants made no objection or protest until the fall of 1930, when they disconnected the pipes, and diverted

and used the water for their own purpose, and completely shut off plaintiffs' supply.

Claiming that the appellants' acts were without color of right, respondents brought this action, and have been awarded damages in the sum of $600, as well as an injunction perpetually enjoining and restraining the defendants from interfering with the spring and the pipe line leading therefrom.

We think that the plaintiffs are entitled to the injunctive relief which has been granted. While the land contract contained no reference to the easement, the servitude was openly and visibly attached to the land, and added materially to its value and beneficial enjoyment. Under these circumstances there was an implied grant of this easement to the plaintiffs. (*Paine* v. *Chandler*, 134 N. Y. 385; *Blackman* v. *Striker*, 142 id. 555; *Spencer* v. *Kilmer*, 151 id. 390, 398; *Lampman* v. *Milks*, 21 id. 505; *Mason* v. *Thwing*, 94 App. Div. 77, 82.)

The fact that the Morealls, in order to correct a mistake in the original conveyance, executed a second deed to the appellants in 1927, in which the reservation of this spring was not mentioned, does not constitute an abandonment of the easement. The original deed put defendants on notice that the land was burdened with this servitude. Besides, defendants knew when the 1927 deed was executed that the plaintiffs were actually using the water from the spring in the same manner in which it had been used for many years. From 1914, when they purchased this property, down to the fall of 1930, appellants asserted no rights to the spring, and acquiesced in its exclusive use by the plaintiffs. Defendants' whole course of conduct indicates beyond question the practical interpretation which they placed upon this easement. The situation was not changed by the 1927 deed.

The correctness of the judgment, in so far as it pertains to the money judgment, is not so clear.

Having been granted injunctive relief, which assures them the use of the water from this spring in the future without interference on the part of Sadlowski, plaintiffs are not entitled to an award upon the basis of permanent damages; they are entitled merely to indemnity for a past wrong; to such temporary damages as they have sustained up to the entry of the judgment. (*Spencer* v. *Kilmer*, 151 N. Y. 390, 401; *Pond* v. *Metropolitan El. R. Co.*, 112 id. 186, 189; *Stowers* v. *Gilbert*, 156 id. 600, 604, 605.)

It is impossible to determine from the record just what rule of damages was adopted. There is no finding as to the cost of restoring the pipe line and the reservoir about the spring, nor as to the difference in the rental value of the farm with and without this

water supply, and there is no evidence in the record from which such a finding can be made. Hence no award can be made to the plaintiffs for such damage.

There is evidence that when they were deprived of their water supply respondents discovered a spring on their own property and installed a ram to pump the water to the farm buildings, and that the reasonable cost of providing this source of supply was $524.17. It is apparent that the money damages awarded to the plaintiffs include this item. Just where the balance of the award comes from is not clear.

The old spring being restored, plaintiffs cannot recover the cost of installation of a new and different supply. That would be giving to the plaintiffs two permanent supplies. They are not entitled to the second at the expense of the defendants.

We find no basis upon which the judgment of $600 damages can be sustained. A new trial must, therefore, be had, unless the plaintiffs are willing to forego these damages.

All concur.

Judgment reversed on the law and a new trial granted, with costs to the appellants to abide the event, unless plaintiffs shall within ten days stipulate to strike from the judgment the provision for money damages, in which event the judgment is modified accordingly and as so modified is affirmed, without costs of this appeal to either party. ▬▬▬